IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-00879-RBJ-CBS

TRUSTESS OF THE COLORADO CEMENT MASONS' PENSION TRUST FUND,
TRUSTEES OF THE COLORADO CEMENT MASONS' JOINT APPRENTICESHIP TRUST
FUND, and
TRUSTEES OF THE OPERATIVE PLASTERERS & CEMENT MASONS HEALTH
BENEFIT FUND,

      Plaintiffs,

v.

M&R CONCRETE, INC., a Colorado corporation,

      Defendant.

---

ORDER

---

This case comes before the Court on defendant's motion for summary judgment [docket #61].

**Facts**

Plaintiffs are the trustees of three union trust funds, the Colorado Cement Masons' Pension Trust Fund, the Colorado Cement Masons' Joint Apprenticeship Trust Fund, and the Operative Plasterers and Cement Masons Health Benefit Fund. The defendant, M&R Concrete, Inc. ("Concrete") is a corporation that entered into a collective bargaining agreement ("CBA") with the plaintiffs in 1995. [#11-1]. The CBA applied to all "Cement Mason finishing work in the Commercial Building Sector." Collective Bargaining Agreement, pg. 1. Through May 2003 Concrete employed cement mason finishers and made monthly fringe benefit contributions for its union finishers to the plaintiff trusts. Response to Request for Admissions No. 6, fn. 2. In 2003

1

the owners of Concrete opened M&R Flatwork ("Flatwork").  Concrete explains that at this time

it stopped doing flatwork and only did foundations.  Ramsey Aff. ¶ 4.  Flatwork took over all of

the non-structural cement work including flatwork.  *Id.*

In 2004 Concrete stopped paying into the plaintiffs' funds.  Concrete asserts in sworn

statements that "[d]uring the period from January 1, 2004 to the present, Concrete did not

perform cement mason finishing work, including flatwork or other non-structural concrete work,

in the commercial building sector or otherwise, and did not employ any cement mason finishers

and was therefore under no obligation to make trust fund contributions under the CBA."

Response to Interrogatory No. 4.

The plaintiffs challenge this because in two sets of records it appears that Concrete was

employing people whom it had listed as cement mason finishers in the past.  First, there were

internal time sheets that were labeled "M&R Concrete" at the top and included employees who

were employed by Concrete as cement mason finishers prior to 2004.  Second, there are monthly

report forms that were prepared by the plaintiffs' third party administrator on which Concrete's

name appears, and the same employees are listed as having worked in January, February, and

March of 2004.

Concrete has provided an affidavit and a letter sent to the plaintiffs in August 2012

explaining that although these records list Concrete as the employer, these records actually

pertain to Flatwork.  Ramsey Aff.  ¶¶ 5-9; August 22, 2012 Letter to Natalie R. Sullivan.  These

records were given to plaintiffs under Rule 408 in anticipation of a settlement conference.

Tessler Aff. ¶ 3.  An auditor who was hired to look at these records confirmed that these records

were part of an audit about Flatwork's obligations to the plaintiffs.  Needles & Associates

Report, September 26, 2011.  Concrete explains that the timesheets say "M&R Concrete" at the

top because Flatwork failed to print its own time sheets until 2007 and instead used Concrete's timesheets. Ramsey Aff. ¶ 5. The timesheets were actually tracking Flatwork workers' time. *Id.* Further, Concrete explains that the other records that list M&R Concrete were prepared by the plaintiffs' third-party administrator and incorrectly listed Concrete rather than Flatwork as the employer. Ramsey Aff. ¶¶ 8-9. Despite this error, Flatwork filled in the hours for each of its cement mason finishers and submitted payments to the plaintiffs. *Id.* Concrete has also provided copies of Flatwork's payroll that show that the employees in question were paid by Flatwork.

### Standard

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56 (c)). When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ." *Id.* The Court does not weigh the evidence or make credibility determinations. *Id.* The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**Conclusions**

The parties agree that Concrete is bound by the CBA.  Collective bargaining agreements are treated differently than ordinary contracts and are not governed by the same common law concepts that govern private contracts.  *Volkman v. United Transp. Union,* 73 F.3d 1047, 1050 (10th Cir. 1996).  However, "[i]f the language of the agreement is unambiguous, it may be construed as a matter of law without resort to extrinsic evidence of intent."  *Id.*

The CBA states:

> [t]his Agreement shall cover and apply to Cement Mason finishing work in the Commercial Building Sector only, of the Contractor in the area covered by this agreement.

CBA, pg. 1.  In discussing the fringe benefits payable to the plaintiffs, the CBA states:

> [i]t is understood and agreed that the Employer is required to report each straight hour worked and each overtime hour worked by each Employee and to pay contributions therefore into each of the aforesaid Trusts and that, such reporting and payment applies to each and every Employee who performs work in any of the classifications covered by this Agreement, regardless of whether or not such employee is a member of the Union herein.

CBA, pg. 9.

Thus, according to the unambiguous terms of the CBA, Concrete was required to report to the trusts and pay fringe benefits for any hours worked by employees who were engaged in cement mason finishing work in the commercial building sector.  In its summary judgment motion Cement has argued that there is no genuine issue of material fact, because there is no evidence that it employed cement mason finishers after 2003.  Cement has provided answers to interrogatories and affidavits that state the same.  Thus, to survive summary judgment, the plaintiffs must show specific facts to establish that there is a genuine issue of material fact. *Matsushita,* 475 U.S. at 585.  To be a genuine issue of material fact, there must be more than "some metaphysical doubt as to the material facts." *Id.* at 586.  "Where the record taken as a

4

whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.*

Concrete argues that the records discussed above create a genuine issue of material fact as to whether Concrete was employing cement mason finishers after 2003. The Court does not agree. Although the timesheets bear Concrete's name, they were turned over to the plaintiffs as part of an audit of Flatwork. The auditors acknowledged that these records pertained to Flatwork. Before this motion was filed, Concrete sent a letter to plaintiffs explaining this inconsistency and clarifying that the timesheets reflected Flatwork employees. Concrete has also provided payroll records that corroborate that Flatwork was in fact the corporation that paid the cement work masons. Concrete has explained that Flatwork did not print its own timesheets until 2007, and therefore it had been using Concrete's timesheets. Because Concrete and Flatwork shared office space and common management, this explanation is plausible. Plaintiffs have offered no evidence to suggest that this explanation is not credible. While it is arguable that it was imprudent for Flatwork not to protect itself and Concrete by creating its own internal timesheets, examining the record as a whole, these time sheets do not create a genuine issue of material fact.

The plaintiffs also point to the monthly reporting records submitted by Flatwork. These forms were created by the plaintiffs' third-party administrator and listed Concrete as the employer. They then listed the names of the cement mason finishers. Despite the fact that these forms listed Concrete rather than Flatwork, Flatwork still filled in the hours for each of the employees and submitted the forms along with payment. Only the first three forms out of 73 submitted incorrectly listed Concrete as the employer. Like the timesheets, these reporting forms do not create a genuine issue of material fact. The forms were not created by Concrete.

Concrete has submitted an affidavit from Randy Ramsey, Vice President of both Concrete and Flatwork, explaining that these employees worked for Flatwork, not Concrete, and that the preprinted forms were used by Flatwork, not Concrete, to report Flatwork's employees' time. Flatwork's payroll records corroborate this explanation. Plaintiffs have not offered any evidence to show that this explanation is not credible. Accordingly, plaintiffs have "not come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587.

In the alternative plaintiffs argue that further discovery should be allowed under Federal Rule of Civil Procedure 56(d). Plaintiffs argue that their attempts to discover the "exact nature of the work performed and employment status of the employees" have been "refused," and they need additional discovery to defend against summary judgment. Plaintiffs argue that further discovery will also allow them to determine whether Concrete and Flatwork acted as joint employers, which they argue could provide a basis for liability.

"The Supreme Court has held that, under Fed. R. Civ. P. [56(f)], summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Been v. O.K. Industries, Inc.* 495 F.3d 1217, 1235 (10th Cir. 2007) (quoting *Dreiling v. Peugeot Motors of Am., Inc.,* 850 F.2d 1373, 1376 (10th Cir. 1988)). However, Rule 56(d)'s protection is limited. Its protection "arises only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion." *Id.* Also, "a party ordinarily may not attempt to meet a summary judgment challenge head-on but fall back on Rule [56(d)] if its first effort is unsuccessful." *Id.* (quoting *C.B. Trucking, Inc. v. Waste Mgmt., Inc.,* 137 F.3d 41, 44 (1st Cir. 1998)).

In this case, that is exactly what the plaintiffs seek to do. They argue that they can show genuine issues of material fact and seek to defeat the summary judgment on the merits. The need for additional discovery under Rule 56(d) is only argued in the alternative.

Further, although plaintiffs' counsel did submit an affidavit with plaintiffs' response, the affidavit does not include anything about the need for additional discovery. I note that this case was filed on April 4, 2011. If the defendants improperly failed or refused to respond to discovery requests, there was ample opportunity to bring that matter before the Court and get it resolved. Finally, plaintiffs have not pled that Concrete and Flatwork are joint employers. In the complaint plaintiffs alleged that Flatwork was the alter ego of Concrete. In a previous order the Court determined that Flatwork and Concrete are not alter egos [docket # 40]. Plaintiffs' argument that Concrete and Flatwork are joint employers can be interpreted as either a new claim that has not yet been raised or an attempt to relitigate an issue that was already decided. For these several reasons, plaintiffs' request that the Court delay consideration of the pending motion in order to permit plaintiffs to conduct further discovery is denied.

**Order**

Defendant's motion for summary judgment [#61] is GRANTED. This civil action and all remaining claims therein are dismissed with prejudice. As the prevailing party, defendant is awarded its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 14th day of January, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge